

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles S. McMillan
County Attorney
San Augustine County
San Augustine, Texas

Dear Sir:

Opinion No. 0-873
Re: Validity of county script
warrants issued in excess
of current revenues for the
year.

We are in receipt of your letter of June 20, 1939, in which you request the opinion of this department upon the following question:

"Whether warrants issued by the county for current expenses are void, where the current expenditures exceed the revenues for that year?"

Your opinion and citation of cases accompanying the request have been very helpful in considering this question, for which we wish to express our appreciation.

Article 11, Section 7, of the Texas Constitution provides in part:

"* * *But no debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made, at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent (2%) as a sinking fund; * * *."

Our Supreme Court in 1895 stated the effect of the above constitutional provision as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Therefore, the attempted 'creation' or 'in-
curring' of a 'debt', for any conceivable purpose,
and in any conceivable manner, without making the
'provision', is contrary to the express prohibition
of the constitution and void; and it is wholly im-
material whether the consideration or 'purpose' of
the transaction be properly classed as an item of
ordinary or current expenses, or otherwise, and
whether the 'debt' be evidenced by an ordinary
verbal or written contract, a note, or a bond."
McNeill v. City of Waco, 89 Tex. 83, 33 S. W. 322.

The word "debt" as here used in the Constitution has
been frequently defined by our courts and has been held to mean,
"any pecuniary obligation imposed by contract, except such as
were, at the date of the contract, within the lawful and reason-
able contemplation of the parties, to be satisfied out of the
current revenues for the year, or out of some fund then within
the immediate control" of the city or county, McNeill v. City
of Waco, supra; City of Corpus Christi v. Woessner, 58 Tex. 462;
City of Terrell v. Dissaint, (1888) 71 Tex. 770, 9 S. W. 595;
Stevenson v. Blake, (Comm. App. 1938) 113 S. W. (2) 525; Austin
Bros. v. Montague County, (T.C.A. 1927), 291 S. W. 628, reversed
on other points, 10 S. W. (2) 718; Toole v. First National Bank,
(T.C.A. 1914, writ refused) 168 S. W. 423; Austin Bros. v. Patton,
(Comm. App. 1926), 288 S. W. 182, on motion for rehearing, 890
S. W. 153, on second motion for rehearing, 294 S. W. 557; Bramsale
v. Strength, (T.C.A. 1917) 196 S. W. 247; Tackett v. Middleton,
(Comm. App. 1926) 280 S. W. 563, 44 A. L. R. 1143; J.I. Case
Threshing Machine Co. v. Camp County, (T.C.A. 1920), 218 S. W. 1;
and many others.

We think the rule stated above is not in conflict with
City of Tyler v. Jester & Co. (1904) 97 Tex. 344, 78 S. W. 1058.
It was there held that the obligations being valid in the first
instance they could be paid out of collections from subsequent
years. (On this point see Wilkinson v. Franklin County, (T.C.A.
1936, writ refused) 94 S. W. (2) 1190). The court in the Jester
case found that the obligations were not "debts" and it was upon
this basis that their validity was sustained. It is stated in
the opinion:

"* * *but under no one of the assignments does
the plaintiff in error raise the question that for
the years in which the water was used by the City

of Tyler the current expenses were greater than
the current revenue. The making of a contract for
water for a number of years to be delivered in the
future did not create a debt against the city, but
the liability of the city arose upon the use by it
of the water during each year. * * * It is there-
fore immaterial that the current expenses for 1889
were greater than the current revenue of the City
of Tyler, and we shall not further discuss that
phase of the question."

Whether an obligation creates a "debt" within the a-
bove Constitutional provision is not controlled by a determina-
tion that it may be properly classified as "ordinary expense";
for such expenses may constitute a "debt" if it is intended that
they shall be paid out of the revenues of future years, or, if
they, together with the valid outstanding warrants against the
fund exceeds the moneys available plus the reasonably anticipat-
ed revenues for the year. Cases cited supra. Brazeale v.
Strength, supra, was a case concerned with "ordinary expense"
and the warrants were payable out of the general revenue fund.
The court observed:

"* * *It seems to us it easily could be de-
termined at any time whether the sum of claims
representing ordinary expenses of the county a-
mounted to as much as it reasonably could be ex-
pected the current revenues of the county would
amount to. When it was found they did, it seems
to us it might very well be said that such ordi-
nary expenses of the county as were thereafter
incurred were within the prohibition of section
7 of Article 11 of the Constitution."

It is our opinion that warrants issued by a county for
current expenses are void, where no provision is made as provided
in Constitution, Article 11, Section 7, at the time the obliga-
tion is incurred and it is intended that they shall be paid out
of revenues of future years, or where such warrants when added
to valid outstanding warrants against the fund exceed the avail-
able balance and the reasonable and lawfully contemplated or ex-
pected revenues for that year. What may be reasonably and lawfull

contemplated or expected revenues for the year does not necessarily depend upon actual collections.

Inasmuch as your request does not set forth the facts controlling the warrants you have in mind, we are unable to give you a categorical answer as to their validity.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Cecil C. Cammack*
Cecil C. Cammack
Assistant

APPROVED JUL 14, 1939
CCC:jm

FIRST ASSISTANT.
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY *WRK*
CHAIRMAN